# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **NATIONSTAR MORTGAGE, LLC,** ] <br> **d/b/a MR. COOPER,** ] <br> ] <br> **Plaintiff,** ] <br> ] <br> v. ] <br> ] <br> **JAMES MACK HOLLIDAY, et al.,** ] <br> ] <br> ] <br> ] <br> **Defendants.** ] | **Case No.: 6:22-cv-00859-ACA** |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff Nationstar Mortgage, LLC's motion for default judgment. (Doc. 37). After the Clerk entered default against Defendants James Mack Holliday and Emily Shepherd (doc. 32), Nationstar moved under Federal Rule of Civil Procedure 55(b) for a default judgment, seeking reformation of a vesting deed and mortgage, a declaratory judgment, and to quiet title to the real property that is the subject of this lawsuit (doc. 37 at 4–6).

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Nationstar's motion. Because the Nationstar's well-pleaded allegations support its claims for reformation and declaratory judgment, the court **WILL GRANT** the motion for default judgment as to those claims. Because Nationstar's well-pleaded

allegations do not support its claim for quiet title, the court **WILL DENY** the motion for default judgment as to that claim.

## I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted). Attachments to a complaint are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Nationstar attached to its amended complaint copies of the relevant deed and mortgage, a survey, and various assignments of the mortgage. (Docs. 5-1, 5-2, 5-3). Accordingly, the court accepts as true not only the allegations in the amended complaint but also the information in the documents attached to the amended complaint.

On November 7, 2008, Ms. Shepherd, as the executrix of Ruthie May Holliday's estate, conveyed real property located at 3770 Aberdeen Road, Vernon, Alabama 35592 to herself and her brother, Mr. Holliday, via a general warranty deed ("vesting deed"). (Doc. 5 at 3 ¶ 11; doc. 5-1). The vesting deed described the subject property as follows:

> 1 acre, more or less, in the Southwest corner of SE 1/4 of SW 1/4 being bounded on the East side of a certain big ditch, said ditch running in a Southeasterly direction and extending from the West side of SE 1/4 of SW 1/4 down and across the South boundary of said SE 1/4 of SW 1/4, Section 31. All in Township 14 South, Range 15, West.

(Doc. 5-1 at 2). The vesting deed was recorded in the Office of the Judge of Probate of Lamar County, Alabama. (Doc. 5 at 3 ¶ 11; doc. 5-1 at 2).

Also on November 7, 2008, Ms. Shepherd and Mr. Holliday executed a mortgage with Countrywide Bank, FSB to secure a $55,962.00 loan. (Doc. 5 at 3 ¶ 12; doc. 5-2). A condition of the loan was that the mortgage would fully encumber the property, and Countrywide Bank intended for the mortgage to do so. (Doc. 5 at 5 ¶¶ 20–21; *see* doc. 5-2 at 2, 7). The mortgage was recorded in the Office of the Judge of Probate of Lamar County, Alabama. (Doc. 5 at 4 ¶ 12; doc. 5-2 at 2).

The mortgage has been assigned twice, and Nationwide now holds the mortgage. (Doc. 5 at 4 ¶¶ 13–14; doc. 5-2 at 8–9). Nationstar discovered that the legal description of the subject property contained in the vesting deed and mortgage is vague and does not accurately reflect the subject property's legal description. (Doc. 5 at 4–5 ¶ 15). Based on a May 2011 survey of the subject property, the more accurate legal description of the subject property is as follows:

> Commencing at the intersection of the West Boundary of the SW1/4 of the NW1/4 of Section 6, Township 15 South, Range 15 West, Lamar County, Alabama with the northerly right-of-way of Lamar County Road No. 26 and run southeasterly along the northerly right-of-way of Lamar County Road No. 26 for a distance of 385.44 feet to a ½ inch iron pin and the point of beginning of the parcel herein described, and from said point of beginning run N1°59'3"E for a distance of 144.0 feet to a ½ inch iron pin, thence run N74°0'57"W 167.60 feet to a ½ inch iron pin, thence run S8°56'29"W approximately 140.51 feet to the intersection of the northerly right-of-

way of Lamar County Road No. 26, thence S69°27'518"E to the ½ inch pin and point of beginning.

(Doc. 5 at 4–5 ¶ 15; *see* doc. 5-3 at 2).

## II.  DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, upon entry of default, the court may enter a default judgment against the defendant so long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.").

Here, the Clerk has entered default against Ms. Shepherd and Mr. Holliday (doc. 32), so the court must determine whether the well-pleaded factual allegations support Nationstar's claims for reformation, declaratory judgment, and quiet title.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

1.  Reformation (Count One)

In Count One of its amended complaint, Nationstar seeks reformation of the vesting deed and mortgage pursuant to Alabama Code § 35-4-153 due to mutual mistake. (Doc. 5 at 5–7).

Section 35-4-155 provides that "when, through . . . a mutual mistake of the parties . . . a deed, mortgage, or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value." Ala. Code § 35-4-155.

"Where the sole ground for reformation is mistake, the mistake must be mutual as to all of the parties, but only in the sense that they must all have agreed to the same terms and have mistakenly assumed that those terms were properly expressed in the instrument." *Beasley v. Mellon Fin. Servs. Corp.*, 569 So. 2d 389, 394 (Ala. 1990). And reformation is permitted "not only as against the original parties, but also against those claiming under them in privity, such as . . . assignees." *Id.* (emphasis omitted).

Nationstar's amended complaint alleges that the vesting deed was intended to accurately convey, and the mortgage was intended to accurately encumber the subject property. (Doc. 5 at 5 ¶19). Defendants and Countrywide Bank intended for

the mortgage to fully encumber the subject property by means of the more accurate legal description pleaded in the amended complaint. (*Id.* at 5 ¶¶ 21–22; *see also id.* at 4–5 ¶ 15). Countrywide Bank loaned funds to Defendants on the condition that those funds would be secured by the property in reliance on the mistaken belief that the mortgage accurately reflected the property's legal description. (Doc. 5 at 6 ¶ 24).

Nationstar alleges that the vesting deed and mortgage are capable of being reformed without prejudice to the rights of third parties. (*Id.* at 6 ¶ 25). Nationstar also alleges that without reformation of the vesting deed and mortgage, as assignee of the original mortgage, it is unable to protect its rights and interests granted by the mortgage and has no remedy at law to cure the defects in the mortgage. (*Id.* at 4 ¶ 14, 6 ¶ 27).

Based on these allegations, the court finds that Nationstar's amended complaint states claim for reformation of the vesting deed and mortgage. Accordingly, the court **WILL GRANT** Nationstar's motion for default judgment on its reformation claim.

    2.    <u>Declaratory Judgment</u>

In Count Two of its amended complaint, Nationstar seeks a declaratory judgment pursuant to Alabama Code §§ 6-6-222 and 6-6-223 that it "holds a valid, enforceable, first-priority security interest in and to the" property by virtue of the

reformed vesting deed and mortgage because Defendants and Countrywide Bank intended for Nationstar, "as the successor in interest to" Countrywide Bank "to have a first-priority security interest in the" property "to secure Defendants' indebtedness under the" mortgage. (Doc. 5 at 7–8 ¶ 31; *see also* doc. 5-2 at 2, 5).

Section 6-6-222 provides that courts "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed" and that "[t]he declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment." Ala. Code § 6-6-222. Section 6-6-223 provides that "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." Ala. Code § 6-6-223.

Based on the allegations in Nationstar's amended complaint, Nationstar has stated a claim for a declaratory judgment that it holds a valid, enforceable, first-priority security interest in and to the subject property, by virtue of the reformed mortgage and vesting deed. Accordingly, the court **WILL GRANT** Nationstar's motion for default judgment on its declaratory judgment claim.

### 3. Quiet Title (Count Three)

In Count Three of its amended complaint, Nationstar seeks to quiet title to the property pursuant to Alabama Code § 6-6-540. (Doc. 5 at 8–9).

Section 6-6-540 provides that any person "may commence an action to settle the title to such lands and to clear up all doubts or disputes concerning the same" if that person is "in peaceable possession of lands, whether actual or constructive, and claiming to own the same, . . . [whose] title thereto, or any part thereof, is denied or disputed . . . and no action is pending to enforce or test the validity of such title." Ala. Code § 6-6-540.

A quiet title action is designed "to determine whether [defendants] have any title, right, or claim, legal or equitable, in the lands the subject of the suit; and if so, to determine its character and extent." *Pierce v. Lee Bros. Foundry Co.*, 51 So. 2d 677, 681 (Ala. 1951) (quotation marks omitted). To state a claim for quiet title, a plaintiff must allege that he "is in peaceable possession of the land, either actual or constructive, at the time of the filing of the bill and that there was no suit pending to test the validity of the title." *Woodland Grove Baptist Church v. Woodland Grove Cmty. Cemetery Assoc., Inc.*, 947 So. 2d 1031, 1036 (Ala. 2006) (quotation marks omitted).

Nationstar's amended complaint alleges that it is peaceable possession of the subject property. (Doc. 5 at 8 ¶ 35). But this is a conclusory allegation that is

8

nothing more than a recitation of one element of the quiet title claim and therefore insufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the amended complaint does not allege that there is no other suit pending testing Nationstar's title to the subject property. Therefore, the amended complaint does not allege well-pleaded facts showing that Nationstar is entitled to relief under § 6-6-550. *See Woodland Grove Baptist Church*, 947 So. 2d at 1036; *Corona Coal & Iron Co. v. Swindle*, 44 So. 549, 549 (Ala. 1907) (a quiet title complaint that "fails to aver that there was no suit pending in regard" to the property is subject to dismissal).

Accordingly, the court **WILL DENY** Nationstar's motion for default judgment on its quiet title claim.

### III. CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Nationstar's motion for default judgment. (Doc. 37). The court **WILL GRANT** Nationstar's motion for default judgment on its reformation and declaratory judgment claims. The court **WILL DENY** Nationstar's motion for default judgment on its quiet title claim.

Because Nationstar has not shown that it is entitled to a default judgment on its quiet title claim, the court **ORDERS** Nationstar to **SHOW CAUSE in writing, on or before April 11, 2023,** why the court should dismiss its quiet title claim and

enter a final default judgment on its reformation and declaratory judgment claims only.

The court DIRECTS the Clerk to mail a copy of this memorandum opinion and order to Mr. Holliday and Ms. Shepherd at their address of record.

**DONE** and **ORDERED** this April 4, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE